---

In re WOOD.

(District Court, E. D. North Carolina. August 1, 1899.)

1. BANKRUPTCY—SECURED CREDITORS—JUDGMENT LIENS.

Where a creditor of a bankrupt claims priority of payment out of his estate by virtue of an alleged judgment lien on the property of the estate, the burden is on such claimant to show that he has done everything required by statute to make his judgment attach as a lien.

2. SAME.

In North Carolina, a judgment rendered by a justice of the peace is not a lien on personal property until there is a levy under it, nor on real estate until docketed in the superior court; and a creditor of a bankrupt, who has recovered judgment against him in a justice's court, but not docketed the same in the superior court, nor issued any writ upon it, is not entitled, merely by virtue of his judgment, to priority of payment out of the estate, but must share pro rata with the unsecured creditors.

In Bankruptcy. On review of decision of referee in bankruptcy.

PURNELL, District Judge. This case is certified for review on objection by creditors to the decision of the referee that Boone & Jenkins are entitled to priority, to have their debt paid in full by the

trustee, because they had commenced proceedings against the bankrupt in the court of a justice of the peace, and there obtained judgment, from which judgment the bankrupt, defendant, had taken an appeal to the superior court, where the cause was pending at the time of adjudication in bankruptcy. The estate consists entirely of the proceeds of sale of personal property except five dollars, derived from sale of the reversionary interest in the homestead. There was no levy on the property under execution, attachment, or other process. It does not appear in the record that the justice's judgment was docketed in the superior court, and, the burden to show this being upon the party claiming the lien, it must be held it was not, but that the usual course was pursued, and simply an appeal taken. Presumably, a bond was given, providing for the payment of the debt and costs, should the judgment in the superior court be against the defendant. If this practice under the state law has been pursued, as is presumed, Boone & Jenkins have security for their claim should they be successful in the superior court. But much of this is based on the maxim, "Omnia præsumuntur," etc. The record shows Boone & Jenkins have a suit pending in the state superior court on appeal from a judgment of a justice of the peace,—officers by no means infallible, frequently innocent of law, and actually sometimes known to construe the abbreviation affix designating their office, "J. P.," to mean "judgment for plaintiff," which may establish nothing. A judgment, whether in a justice's or the superior court, is not a lien on personal property until there is a levy; neither is it a lien on real estate until docketed in the superior court, and it becomes a judgment of that court. This being so, the holding of the referee was erroneous. Boone & Jenkins are entitled to no priority in bankruptcy, and the ruling of the referee is reversed.

There was, or seems to have been, some neglect on the part of counsel in appearing at the time notice was issued to creditors when the claim of Boone & Jenkins would be heard, and a misunderstanding between counsel and the referee. Bankrupt proceedings owe much of their efficacy and benefit to prompt action on the part of parties concerned. Ordinarily, the judge will uphold referees in refusing to reopen cases to allow creditors who have shown laches in presenting their claims to be heard; but when there is manifest error, as in this case, the judge will look into the record, and correct the error. These parties have no lien, and are entitled to no priority, as shown by the record. Nothing else appearing, they will participate in the distribution as other creditors,—without priority or preference. The dividend sheet, having been made out, and forwarded to the trustee, will be returned to the referee for correction in accordance with this decision, and an extra allowance to the referee of five dollars is allowed him, to be paid by the trustee, for services in this behalf.