## In re McKANE et al.

(District Court, E. D. New York. April 2, 1907.)

1. BANKRUPTCY—APPOINTMENT OF RECEIVER—REQUIREMENT OF BOND.

Where the only property of an alleged bankrupt, so far as shown, is property subject to a mortgage upon which a decree of foreclosure has been entered, before the court will appoint a receiver the petitioning creditors will be required to furnish a bond, and include as one of its conditions that they will pay the expenses of the receivership if sufficient assets applicable to that purpose are not discovered.

2. SAME—JUDGMENTS AVOIDED BY PROCEEDINGS—DECREE FORECLOSING MORTGAGE.

A decree foreclosing a mortgage on property of the defendant entered within four months prior to the filing of a petition in bankruptcy against him is not a judgment creating a lien which is rendered void by his adjudication as a bankrupt under Bankr. Act July 1, 1898, § 67f, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], but merely a decree for the enforcement of a prior lien, which is not affected by the bankruptcy proceedings.

In Bankruptcy. On application for appointment of receiver, and for stay of sale under foreclosure decree.

Lyman W. Redington, for petitioning creditors.
F. W. Sparks, for mortgagee.

CHATFIELD, District Judge. The petitioning creditors have applied for the appointment of a receiver and for a stay of a certain sale under decree in foreclosure, which sale is advertised for April 2, 1907. The attorney for the mortgagee, plaintiff in foreclosure, has appeared in opposition to both motions, and a serious question arises as to the application of section 67f of the bankruptcy statute (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]).

Without going into the matter at length, or citing the numerous cases which can be included in a further memorandum when the matter is disposed of, it seems to the court that, if the petitioning creditors consider that there is any property which can be conserved for the bankrupt estate and which is not subject to a valid lien under the mortgage, they are entitled to have a receiver appointed to act with reference to it. But, inasmuch as they apparently show no assets except those directly involved in the foreclosure suit, the petitioning creditors will be required, if they wish a receiver, to furnish a bond in the sum of $2,000, and include as one of the conditions of the bond that they pay the expenses of the receivership, if sufficient assets applicable to that purpose are not discovered.

As to the second motion, in which a stay of the sale under the foreclosure is asked, a hasty examination seems to indicate, from the reasoning set forth in the case of Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, that the judgment in foreclosure has not created the lien, and is not within the provisions of section 67f. The judgment is merely a decree by a court having competent jurisdiction directing the enforcement of a lien which cannot be affected or vacated by bankruptcy proceedings.

If, however, the petitioning creditors and the receiver, who will be appointed if they see fit to comply with the above requirements, can furnish authorities to show that a stay can be granted, further consideration will be given to the motion before disposing of it finally. It should be said that, upon the statement of the whole transaction, it would seem as if the bankrupt and the unsecured creditors had had every opportunity to take care of the mortgage lien under foreclosure, and, if its validity is unquestioned, it would be a hardship to interfere with the sale. Such action would apparently cause loss to the estate, rather than benefit, under the present showing of facts.