### In re ARDEN.

(District Court, E. D. New York. June 9, 1911.)

1. BANKRUPTCY (§ 161*)—LIENS—JUDGMENT—RECOVERY—TIME.

Where a judgment recovered against a bankrupt and claimed to be a lien on the bankrupt's remainder interest in certain real estate was entered more than four months before the filing of the bankruptcy petition, it was not affected by Bankr. Act July 1, 1898, c. 541, § 67, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), vacating liens acquired within that period,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

though the bankruptcy court had jurisdiction to control the disposition of the property subject to the lien in the interest on the entire estate.

[Ed. Note.—For other cases; see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

2. BANKRUPTCY (§ 206*)—ASSETS—REMAINDER INTEREST IN LAND—SALE.

Under Bankr. Act July 1, 1898, c. 541, § 2, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421), regulating the jurisdiction of the bankruptcy court, such court has jurisdiction to sell a remainder interest of the bankrupt in certain real property, and pay off a judgment lien thereon if the proceeds be sufficient for that purpose, in order to preserve the equity in the property for the benefit of general creditors, but the judgment lien and all rights accruing therefrom must be respected.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 206.*]

3. BANKRUPTCY (§ 217*)—PROPERTY SUBJECT TO LIENS—SALE—STAY—VACATION.

Where a bankrupt owned a remainder interest in certain real property in the hands of trustees subject to a valid judgment lien on the bankrupt's interest, and it did not appear that the trustee could obtain a sufficient amount for the bankrupt's rights in the estate in remainder to justify a direction that the trustee attempt to sell such rights and pay off the undisputed lien of the judgment creditor, a stay precluding the creditor from proceeding to enforce the judgment against such remainder would be vacated subject to the right of the trustee to join in any proceeding taken by the creditor, or to protect any equity which might arise.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 217.*]

In the matter of bankruptcy proceedings of John L. Arden. Application of judgment creditor to vacate a stay of proceedings to subject the bankrupt's remainder interest in certain real estate. Motion granted.

Gray & Hiscox (James A. Gray, of counsel), for judgment creditor. Walter E. Cooke, for trustee. George N. Hamlin, for bankrupt.

CHATFIELD, District Judge. The bankrupt is the grandson of one Margaretta H. Ward, who devised by will a considerable estate to trustees, with provision that these trustees should divide the estate into shares at her death, and hold one of these shares in trust to the use for life of each of her daughters, with power of appointment to each daughter over her share. Of these daughters it is necessary to consider but two, Margaretta M. and Emily B. Ward. Margaretta M. Ward died some time since, and in her will exercised the power of appointment over the estate held in trust for her use during life, by giving, devising, and bequeathing her personal property and any property over which she had power of disposition to her executors in trust to hold, invest, etc., and to apply the income to the use of Emily B. Ward for life; and:

"Upon her death to divide said property between my nephews Thomas B. Arden and John Lorillard Arden in equal shares. If at the expiration of said trust either of my said nephews be deceased leaving issue who survive my said sister, the share intended for my nephew so deceased shall be divided by the Trustees then in office among such issue in equal shares per stirpes. But if either of my nephews die in the lifetime of my sister without leaving issue who survive her, all said property shall go and belong to

the other of my said nephews, or if he be deceased, to his issue in equal shares per stirpes to be divided among them by said Trustees."

John L. Arden and Thomas B. Arden were the sons of another daughter of Margaretta H. Ward, and both of these men were living at the time of their grandmother's death, as well as at the time of the death of their aunt, Margaretta M. Ward. Their aunt, Emily B. Ward, who is the life beneficiary of the particular property in question here, is still living, but is stated to be incompetent. The shares of the different individuals, in other portions of the estate and in the personal property, are so involved that they need not be considered on this motion, inasmuch as they do not at all affect the particular question which is raised by a judgment entered and docketed on the 27th day of April, 1910, for $3,638.90 in favor of one Jacob Fishel against John L. Arden. This judgment resulted in an attempt to examine John L. Arden in supplementary proceedings, and upon the 6th day of December, 1910, he filed a voluntary petition in bankruptcy scheduling this judgment among his debts, but making no mention in the schedules of any interest in the estate devised under the will of his grandmother, nor under the will of his aunt Margaretta M. Ward, by whom he was given, as we have previously seen, a remainder interest, subject to the life use of the aunt Emily B. Ward.

[1] This remainder was an interest in real estate, and the creditor claims that the lien of his judgment attached thereto. This judgment was entered more than four months before the filing of the petition in bankruptcy, and is not affected by the provisions of section 67 of the bankruptcy law vacating liens acquired within that period. The jurisdiction of the bankruptcy statute, however, controls the general disposition of the estate of the bankrupt now vested in a trustee, and this court has assumed jurisdiction over all the parties and temporarily restrained the judgment creditor from proceeding except in bankruptcy, until it can be determined whether or not the trustee has title to property (including this remainder) which can be sold for the benefit of the estate generally so as to be more than sufficient to pay off the lien of the particular creditor who has secured that lien. The property in question is in the hands of the trustees under the will of Margaretta M. Ward, and the remainder interest, of whatever nature it may be, cannot be reduced to possession. No action has been instituted in the state courts in which jurisdiction over the rights and persons of the various parties and over the property itself has been acquired, such as existed in Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, and yet under the state laws the creditor has rights which cannot be taken away.

[2] This court may, under section 2 of the bankruptcy statute, sell an interest such as a remainder in real property, and pay off a judgment or mortgage lien on said interest, if the proceeds be sufficient for that purpose, in order to preserve the equity in the property for the benefit of general creditors, but the lien and all rights accruing therefrom must be respected by the bankruptcy court. In the present instance it is asserted that the interest of the bankrupt, if alienable and capable of present sale, should bring much more than the amount of

this judgment, or even than his scheduled debts, and neither the judgment creditor nor the estate would be benefited by proceeding with a sale under execution if the property be salable in bankruptcy so as to create a surplus and if the judgment creditor's lien be admitted as valid against that property. Under these circumstances the judgment creditor has applied to this court to vacate the order temporarily restraining him from proceeding to collect his judgment, other than in a bankruptcy proceeding, until further order of this court, and in the meantime the trustee in bankruptcy has applied for a direction to the bankrupt to convey to him whatever interest the bankrupt may have under the devise in question, with the purpose of attempting to sell that interest for the benefit of the creditors, and to pay off the judgment upon which execution has been levied.

[3] A construction of this particular will cannot be conclusively had on this motion. Whether the remainder interest be vested or contingent and assuming that the creditors through the trustee have title such that they will ultimately obtain the remainder interest if the bankrupt survives and that the property can be sold for the benefit of those creditors whose claims shall have been proven or who were in the possession of liens which were superior to the effects of a discharge in bankruptcy, nevertheless we have the problem of dealing with a claim against real property in the hands of trustees who are not parties to the present motion and who, in so far as their position is shown, claim a title adverse to that of the bankrupt estate. The trustee in bankruptcy can certainly not now reduce this life interest to possession. An action to construe the will might give a judicial determination of the exact meaning of the devise. The trustee might attempt to sell his alleged claim to the remainder rights of the bankrupt in the estate, subject to the judgment lien above referred to and subject to the chance of survivorship if the creditors require him to do so. But inasmuch as there has been an adjudication and as the alienable rights of the bankrupt, if any, have passed to the trustee by devolution of law, no conveyance from the bankrupt is needed. The question is rather to determine what the trustee can do with the rights which he has, if any. On the other hand, there is nothing in the motion papers to indicate that the trustee can obtain a sufficient amount for the bankrupt's rights in the estate in remainder to justify a direction that the trustee attempt to sell these rights and pay off the undisputed lien of the judgment creditor. The judgment creditor is anxious to proceed to enforce his lien, admitting that his claim against the bankrupt estate or the bankrupt will be terminated by a discharge, and that if he does not appear in the bankruptcy proceedings, he can never obtain more than what is secured by the lien which he now contends exists.

The trustee in bankruptcy may apply for leave to join in any such action, if it seems advisable. He should submit to creditors, if necessary, the question of assisting the judgment creditor to enforce his lien and to follow up any equity or surplus which may result if the lien be paid, or the creditors may pay off the lien and defer the sale. There is no reason why this court should restrain the judgment creditor from attempting to collect his judgment, if he wishes so to do. If the re-

mainder interest is not such that in the state courts the judgment creditor can enforce his lien thereupon, then surely the bankruptcy court should not enjoin the judgment creditor from making the attempt, at his own peril, nor from foregoing whatever rights he may have in bankruptcy for the opportunity to pursue what, in his opinion, is a more profitable right. If the judgment creditor can enforce his lien, then the trustee in bankruptcy can protect the creditors' interest in the equity or can arrange with the creditors to pay off the lien of the judgment and dispose of the property for the estate. But under no theory can the bankruptcy court protect (for the bankrupt, and against his creditors and estate) property which the bankrupt has not surrendered and does not admit is a part of his estate, which property, if a part of the estate, should be available for creditors, but which must be disposed of by litigation, which cannot be as advantageously conducted by the estate as by the judgment creditor himself.

The motion to vacate the stay will be granted on such conditions as will allow the trustee an opportunity to join in the proceedings taken by the judgment creditor or to protect any equity which may be created.