The only question herein submitted is whether this court will entertain a bill to foreclose a mortgage when it appears by the averments of the bill that proceedings in bankruptcy are pending in the United States district court of this state in which the mortgagor has been adjudged a bankrupt. The trustee of the bankrupt has been made a defendant without consent of the bankruptcy court.
Isaacs v. Hobbs Tie and Timber Co., 282 U.S. 734, andStraton v. New, 283 U.S. 318, may be said to finally determine almost every phase of this question. So far as it is necessary to here consider, the general rule may be said to be that when jurisdiction is acquired by a state court for the foreclosure or enforcement of a valid lien, the subsequent filing of a petition in bankruptcy will not defeat that jurisdiction. On the other hand, when the petition in bankruptcy is filed before a suit of the nature stated has been brought in another court, the jurisdiction of the bankruptcy court attaches as of that date, is exclusive in its nature and cannot be affected by actions subsequently brought in other courts. It follows that this court cannot entertain the present bill.
It may be noted that the bill discloses a conveyance of the mortgaged premises heretofore made by the bankrupt and litigation pending to set aside that conveyance. The trustee in bankruptcy is made a defendant under the averment that his interests are subordinate to the lien of the mortgagee. The authorities above cited fully determine that in the circumstances here stated the district court not only acquires the exclusive right to administer all property of the bankrupt, but may inquire into the validity of liens, marshal them and control their enforcement and liquidation.
 The bill will be dismissed. *Page 429