LUHRING, J.
This is a judgment creditor’s bill wherein it is sought to set aside alleged fraudulent transfers of property, both real and personal, made by the judgment debtor, Herman'R. Howenstein, and to subject such property to the payment of the judgment.
The plaintiff, Anna S. Sabin, obtained judgment against *259 the defendant, Herman R. Howenstein, in the Supreme Court of the District of Columbia on the 21st day of October, 1933, for the sum of $50,000. Subsequently, and on the 27th day of February, 1934, she likewise obtained judgment against Howenstein in the sum of $15,000. On October 5, 1934, writs of fieri facias were issued and delivered to the United States Marshal, and thereafter returned nulla bona. The bill was filed in this court November 10, 1934.
By leave of court, J. Barrett Carter, a judgment creditor, filed his intervening petition on the 22nd day of November, 1934. He, also, seeks to subject the property of the judgment debtor to judgments of $32,000 and $10,000, rendered on the 19th day of September, 1933, by this court. Writs of fieri facias were issued on these judgments and delivered to the United States Marshal on the 15th day of November, 1934, and thereafter duly returned by the marshal nulla bona.
The defendants filed their separate answers to the bill and intervening petition in December, 1934.
On the 11th day of February, 1935, the plaintiff filed a motion for the appointment of a receiver for 996 shares of the stock of the H. R. Howenstein Company, or, in the alternative, for all of the property and assets of the H. R. Howenstein Company and for all of the property in the name of Herman R. Howenstein and Katherine Howenstein.
This motion was scheduled for hearing before the judge holding Motions’ Court on the 25th day of February, 1935, but the hearing was continued to March 4, 1935. The H. R. Howenstein Company filed its voluntary petition in bankruptcy February 23, 1935, and was duly adjudged a bankrupt on that day.
The motion for the appointment of a receiver regularly came on for hearing on the 4th day of March, 1935, and the court was then orally advised of the bankruptcy proceeding by counsel for the defendant, Howenstein Company, and it was contended on behalf of that company that the adjudica *260 tion deprived the Equity Court of all jurisdiction to further proceed in the matter of the bill and the motion for the appointment of a receiver. At this time a trustee had not been appointed for the bankrupt corporation.
The question presented on the oral argument and in the briefs submitted by counsel are, first, whether or not the filing of the petition and the adjudication in bankruptcy oust the jurisdiction of this court; second, whether the liens asserted by the plaintiff attached from the date of the judgments, and, therefore, not within four months prior to the adjudication, or date from the filing of the bill and, therefore, within that period; and, third, whether or not a receiver should be appointed herein pendente lite.
The jurisdiction of the bankruptcy court is exclusive within the field defined by law, and all property in possession of the bankrupt of which it claims ownership passes, upon the filing of the petition, into the custody of that court. Liens cannot therefore be obtained nor proceedings be had in other courts to reach the property, the district court'having acquired the exclusive right to administer all property in the bankrupt’s possession. Straton v. New, 283 U. S. 318; Ex parte Baldwin, 291 U. S. 610; Taylor v. Sternberg, 293 U. S. 470. However, where a creditor has obtained a judgment constituting a lien on the real estate of the defendant more than four months prior to the initiation of the bankruptcy proceeding, and, prior to that proceeding, has instituted a creditor’s suit to enforce the hen and sell the real estate subject thereto, the subsequent bankruptcy of the defendant does not oust the state court of jurisdiction, or vest in the court of bankruptcy power to enjoin further proceedings in the state court. Stratton v. New, supra. In construing Sec. 67 (f) of the Bankruptcy Act, 11 U. S.- C. A. Sec. 107, the Supreme Court in Metcalf v. Barker, 187 U. S. 165, at page 174 of the opinion, said:
*261 “In our opinion the conclusion to be drawn from this language is that it is the lien created by a levy, or a judgment, or an attachment, or otherwise, that is invalidated, and that where the lien is obtained more than four months prior to the filing of the petition, it is not only not to be deemed to be null and void on adjudication, but its validity is recognized. ... A judgment or decree in enforcement of an otherwise valid preexisting lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens.”
This language was quoted with approval by Mr. Justice Roberts in Straton v. New, supra.
In view of the authorities cited, the jurisdiction of this court is ousted by the bankruptcy proceedings if the lien of the judgments dates from the filing of the bill. The bill was filed on the 10th day of November, 1934, within four months of the filing of the petition and adjudication in bankruptcy. On the contrary, if the plaintiff acquired a valid lien upon the rendition of the judgments, then such lien is not affected by the bankruptcy proceeding because rendered more than four months prior thereto.
. Title 24, Sec. 323 of the Code of the District of Columbia provides:
“Every final judgment at common law and every unconditional final decree in equity for the payment of money from the date when the same shall be rendered, . . . shall be a lien on all the freehold and leasehold estates, legal and equitable, of the defendants bound by such judgment, decree or recognizance, in any lands, tenements, or hereditaments in the District, whether such estates be in possession or be reversions or remainders, vested or contingent but such liens on equitable interests shall be enforced by bill in equity.”
The bill is filed for the purpose of enforcing the liens of the judgments against the equitable interests of the debtor, Herman R. Howenstein, in the property transferred and conveyed by him “with the intent to hinder, delay or defraud” existing and future, creditors. Such a conveyance is void. *262 Title 11, Code D.C. Sec. 11. It is not the purpose of the bill to establish a lien. The lien came into being upon the rendition of the judgment. Metcalf v. Barker, supra; Clark v. Larremore, 188 U. S. 486.
The conclusion follows that the jurisdiction of this court has not been ousted by the bankruptcy proceedings. Furthermore, since the defendant, Herman It. Howenstein, also, has been adjudicated a bankrupt, it is doubtful whether the bankrupt defendant, Howenstein Company, to whom it is alleged the property was fraudulently transferred, may attack the jurisdiction of this court. “Bankruptcy proceedings do not, merely by virtue of their maintenance, terminate an action already pending in a non bankruptcy court, to which the bankrupt is a party.” Connell v. Walker, 291 U. S. 1. In that case the bankrupt sought to stay proceedings in a state court of North Dakota to set aside a fraudulent conveyance of the bankrupt. The court held that “the bankrupt alone can not invoke a judgment which would preclude the exercise of the privilege reserved to the trustee to assert rights under the lien.”
Herman R. Howenstein was adjudicated a bankrupt March 4th, 1935. On the 5th day of March, 1935, he filed in this proceeding a “supplementary answer and affidavit” in opposition to the motion for the appointment of a receiver. In this pleading, he alleged that his wife has assigned to him the 996 shares of the capital stock of H. R. Howenstein Company and “that in compliance with Rule Number Five (5) of the Bankruptcy Rules of the Supreme Court of the District of Columbia,” he turned over the stock to his attorneys, with instructions to surrender the same to the trustee in bankruptcy, “he having been adjudged a voluntary bankrupt by the Supreme Court of the District of Columbia on March 4, 1935.”
The trustee of Herman R. Howenstein, bankrupt, has the privilege to elect to prosecute this suit for the benefit of the *263 bankrupt’s estate under Section 70(e) of the Bankruptcy Act, Title 11 U. S. C. A. Sec. 110(e). In the absence of such an election the creditor may maintain the suit. Connell v. Walker, supra.
The court is of opinion that there is no necessity for the appointment of a receiver pendente lite in this proceeding.
The motion for the appointment of a receiver is denied.