## In re FISHER.

No. 38987.

District Court, E. D. New York.

May 15, 1940.

Hutton & Holahan, of Brooklyn, N. Y., for bankrupt.

Conboy, Hewitt, O'Brien & Boardman, of New York City (Bernard Sobol, of New York City, of counsel), for August L. Starke.

Coombs & Wilson, of Brooklyn, N. Y., (Christopher W. Wilson, of Brooklyn, N. Y., of counsel), for Bank of Manhattan Co.

GALSTON, District Judge.

The bankrupt seeks to stay the sale by August L. Starke of 497 shares of the capital stock of the Insulation Manufacturing Company, which stock is held by him as collateral for a note of $72,383.19. The affidavit in support of the motion recites that after default in pleading by the bankrupt this note was reduced to judgment, with other unsecured notes of Fisher, held by Starke, totaling $213,225.25. It is asserted that the aforesaid collateral is the most valuable asset in the bankrupt's estate and that the trustee to be elected should have the right to investigate the facts and to determine upon a disposition of the stock in a manner most beneficial to all of the creditors.

From the affidavit in opposition, it appears that the shares of stock were hypothecated by the bankrupt with Starke on October 1, 1931, and the agreement relating thereto empowers Starke to sell the stock at public or private sale in the event of default in the payment of the note.

Though Starke was empowered to sell the stock at private sale he nevertheless notified the bankrupt by letter dated May 1, 1940, that the shares would be sold at public auction on May 8, 1940. Notice to various bank creditors of the bankrupt was given orally on May 1, 1940, and by letter on May 2, 1940, of the intention of Starke to offer the collateral at public sale.

It appears that the Insulation Manufacturing Company was organized by Starke and the bankrupt in 1925 and that Starke is the owner and holder of record of 498 shares of its stock and is vice president of the company and its sole active officer. He states that the value of 497 shares pledged with him is substantially less than the amount of the note and he repeats the offer heretofore made to representatives of the bank creditors that he will sell the shares for the amount of the indebtedness for which they are now held by him.

Starke also sets forth that the bankrupt is the president of the Insulation Manufacturing Company and that all of its books of record and some of its assets have been for some time and are now in the possession of the bankrupt. Starke opposes delay in the enforcement of his rights under the pledge agreement on the ground that there is included in the bankrupt's schedules an unfounded claim for accrued salary due from the Insulation Manufacturing Company for the period from January 1, 1935, to May 4, 1940, in the sum of $9,268.08. He fears that if he is delayed in the enforcement of his lien on the stock, further claims for salary subsequent to the filing of the petition in bankruptcy on May 7, 1940, may be made.

So the application for a stay is opposed on the ground that Starke has an absolute right to enforce the terms of the hypothecation agreement; secondly, because there is no equity in the stock over and above the amount of the note; and thirdly, on the ground that the Insulation Manufacturing Company is prejudiced because its books of record and assets are now in the possession of the bankrupt and his nominee.

I see no power in an ordinary bankruptcy proceeding such as this to stay the sale pending the election of a trustee in bankruptcy and his examination of the value of the shares of stock. There is no suggestion in the moving papers of any invalidity in the agreement between the bankrupt and Starke, nor indeed of Starke's right to sell under the terms of the note. Similar questions were considered in Re Hudson River Navigation Corp., 2 Cir., 57 F.2d 175, 176, and it was there held "that bankruptcy does not touch the power of a pledgee of shares of stock to close out his collateral." See, also, In re Mayer, 2 Cir., 157 F. 836, and more recently Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060. Continental Illinois National Bank & Trust Co. v. Chicago, R. I. & Pacific Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 606, 79 L.Ed. 1110, does not hold to the contrary, for the restraint of sale of collateral in that case related to a proceeding under the railroad reorganization act, and it was there said: "But a proceeding under section 77 (11 U.S. C.A. § 205) is not an ordinary proceeding in bankruptcy."

I can see no reason for granting the relief sought by this motion. However, perhaps sufficient judicial discretion exists to afford the bank and other creditors a reasonable time within which to protect their interests

in the event that they desire to bid at the public sale.

Accordingly, the motion will be denied with the provision, however, that the order will contain a direction that the sale be postponed for a period of at least five days from the entry thereof. Settle order on notice.