## In re WEISS et al.
### No. 19313.

District Court, E. D. New York.

April 27, 1931.

John H. Gamaldi, of Brooklyn, N. Y., for trustee.

Carl J. Austrian, of New York City, for State Superintendent of Banks and Bank of United States.

BYERS, District Judge.

The trustee of the bankrupts brings this motion to compel Joseph A. Broderick as superintendent of banks of the state of New York, to pay to the trustee $732.61, the balance of a sum of money delivered by the trustee to the Bank of United States on or about October 28, 1930.

On that day, the trustee was informed by a vice-president of the said bank that it was a duly designated depository for funds belonging to estates in bankruptcy in this court. That was contrary to the fact, as no bond had been filed to enable the bank to qualify as such depository. Relying upon the misstatement, the trustee delivered to the bank $847.91, and attempted to open the usual fiduciary account as trustee in bankruptcy of the above-named bankrupts. Subsequently he drew checks against that fund, in the belief that an account had been opened, and such checks were honored.

On December 5, 1930, the superintendent of banks took charge of the Bank of United States, and at that time there remained, of the sum originally delivered to the bank, $732.61, which the trustee now seeks to recover in this summary manner.

A similar application, made by a receiver in bankruptcy, has been granted by Judge Inch in this court, under date of January 30, 1931, in the Matter of Joseph Potell, 53 F. (2d) 877.

In a carefully reasoned opinion, that experienced judge concluded that the motion should be granted, and reliance upon the views therein expressed would entirely dispose of this matter, were it not for the suggestion here made by the superintendent, that there is such distinction between the status of a trustee and a receiver that Judge Inch's views do not control the disposition of this motion.

There may be a distinction for technical reasons, not now important, but there is no difference for present purposes.

That a bankrupt estate is in custodia legis from the time of filing the petition, has been frequently declared by the Supreme Court, and most recently in Straton, etc., v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060, decided April 20, 1931.

Such was the character therefore of the funds that this trustee sought to entrust to the Bank of United States on October 28, 1930, and as to which he would have succeeded in making a deposit, had the bank been a depository; lacking that legal capacity, it was unable to establish, between itself and the trustee, the relation of debtor and creditor. The disqualification was as complete as in the Potell Case, in which it sought to establish the same relation to a receiver in bankruptcy.

As the bank did not become a debtor to the trustee, but rather held funds without right and to which title did not pass, it results that the said funds must now be returned to the trustee.

Motion granted. Settle order on notice, which order may include a stay if an appeal is to be taken.