## In re OCEAN CITY TITLE & TRUST CO.'S BOND.

District Court, D. New Jersey.

March 14, 1934.

Osborne, Cornish & Scheck, and Emanuel P. Scheck, all of Newark, N. J., for American Surety Co.

Hiram Steelman, of Atlantic City, N. J., for trustees.

Robert K. Bell, of Ocean City, N. J., for receiver of First Nat. Bank of Ocean City, N. J.

FORMAN, District Judge.

The American Surety Company filed a petition in this court praying for the cancellation of its bond in the sum of $10,000, given to secure bankruptcy deposits made in the Ocean City Title & Trust Company (which bond was subsequently amended, by a rider, changing the name of the bank to the First National Bank of Ocean City, N. J.), and to restrain trustees in bankruptcy, depositors of bankrupt funds in the said First National Bank of Ocean City, from suing it on the said bond.

The matter was referred to Samuel Roessler, Esquire, as master, for the purpose of hearing the matter for the court and to determine and advise it as to the truth of the allegations of the said petitioner, and as to what relief should be granted thereon.

The master accordingly took testimony and has filed his report. He finds that the petitioner, American Surety Company, is entitled to " * * * have an order entered directing the clerk of this Court to surrender to petitioner (American Surety Company) the Bond of the Ocean City Title and Trust Company as principal and of American Surety Company of New York as surety, together with the Rider subsequently attached thereto and on file with the Clerk of this Court; and to an injunction restraining Frank P. Mulligan, as Trustee in Bankruptcy for Alfred P. Gordon and Alfred J. Gordon, trading as Gordon Bros., Henry Roeser, Jr., as Trustee in Bankruptcy for Ocean City Printing & Publishing Co., and F. E. J. Bower, as Receiver for the First National Bank of Ocean City, from instituting any suit at law or in equity or otherwise against petitioner under said Bond or the Rider attached thereto."

Exceptions to the report were taken by the receiver of the First National Bank of Ocean City, N. J., and by the trustees in bankruptcy of the estate of Alfred P. Gordon

and Alfred J. Gordon, trading as Gordon Bros., and the estate of Ocean City Printing & Publishing Company.

The master carefully and ably analyzed the testimony in his report, and his findings therein contained are firmly sustained by the evidence.

■ I find, with regard to the first exception filed by the receiver of the First National Bank of Ocean City, N. J., that this court has ample jurisdiction in a summary proceeding to pass upon the question of the cancellation of this bond.

As to the other exceptions I cannot agree that the master was not warranted in his findings and recommendations based upon the testimony before him. I believe they were all fully justified.

■ I further find that by reason of the fact that there is no order on file in this court establishing the First National Bank of Ocean City, N. J., as a bankruptcy depository, under the statute (Bankr. Act § 61 (11 USCA § 101) and rules of this court that the said bank was not in fact or in law an official bankruptcy depository.

The recommendations of the master will accordingly be confirmed. An appropriate order may be taken.

■ In view of this holding and to secure a prompt and expeditious disposition of this matter so that the bankruptcy funds may be returned to the respective estates for administration without further delay, the trustees in bankruptcy should forthwith proceed to petition the court to direct the receiver of the bank to return to them the said deposits in a summary proceeding before this court.

This form of procedure is authorized in the case of In re Potell (D. C.) 53 F.(2d) 877 in an opinion by Judge Inch.

It is true that in the case at bar the deposits were made by trustees in bankruptcy rather than a receiver in bankruptcy.

The distinction means naught as declared by Judge Byers in the case of In re Weiss (D. C.) 2 F. Supp. 767, who followed the Potell Case and said:

"A similar application, made by a receiver in bankruptcy, has been granted by Judge Inch in this court, under date of January 30, 1931, in the Matter of Joseph Potell, 53 F. (2d) 877.

"In a carefully reasoned opinion, that experienced judge concluded that the motion should be granted, and reliance upon the views therein expressed would entirely dispose of this matter, were it not for the suggestion here made by the superintendent, that there is such distinction between the status of a trustee and a receiver that Judge Inch's views do not control the disposition of this motion.

"There may be a distinction for technical reasons, not now important, but there is no difference for present purposes.

"That a bankrupt estate is in custodia legis from the time of filing the petition, has been frequently declared by the Supreme Court, and most recently in Straton, etc., v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060, decided April 20, 1931.

"Such was the character therefore of the funds that this trustee sought to entrust to the Bank of United States on October 28, 1930, and as to which he would have succeeded in making a deposit, had the bank been a depository; lacking that legal capacity, it was unable to establish, between itself and the trustee, the relation of debtor and creditor. The disqualification was as complete as in the Potell Case, in which it sought to establish the same relation to a receiver in bankruptcy.

"As the bank did not become a debtor to the trustee, but rather held funds without right and to which title did not pass, it results that the said funds must now be returned to the trustee."