**In the Matter of Benito S. ARZAGA, Debtor.**

**No. 131992.**

United States District Court
S. D. California,
Central Division.

May 2, 1962.

---

Irving Sulmeyer, Los Angeles, Cal., for debtor.

BYRNE, District Judge.

This is a proceeding for a Wage Earner Plan under Chapter XIII of the Bankruptcy Act, wherein the debtor seeks review of the Referee's order which denied the debtor's application for reconsideration of an order denying the application made under § 614 of the Bankruptcy Act (11 U.S.C.A. § 1014) for an ex parte injunction staying suits by unsecured creditors.

Paragraph 7 of the debtor's petition, filed September 27, 1961, reads as follows:

"Several of your Petitioner's creditors have filed suit or threatened to file suit against your Petitioner and to take proceedings by way of attachment or execution, or by way of repossession of property in the possession of your Petitioner, upon which they may claim liens or title, the validity of which your Petitioner is unable to determine at this time. In these proceedings the debtor has waived all personal property exemptions and has submitted all his property to the exclusive jurisdiction of this Court. That unless your Petitioner's creditors are restrained by this Court from commencing or continuing any suit against your Petitioner, or from levying attachment or execution upon the wages or other assets of your Petitioner, or from repossessing any property in the possession of your Petitioner, without the permission or leave of this Court first had and obtained, the ability of your Petitioner to complete or comply with the proposed wage earner plan would be affected to the detriment of all his creditors. Your Petitioner therefore prays that the creditors of your Petitioner be restrained from harassing him, commencing or continuing any suits against him or from levying any process thereunder upon his wages or other assets, or from repossessing any property in the possession of your Petitioner, without permission or leave of Court first had and obtained."

On September 28, 1961, the Referee filed an order as follows: "Denied without prejudice. The debtor may present a petition setting forth facts showing the necessity for an injunction against a specific person or persons together with appropriate order to show cause. See Federal Rule of Civil Procedure No. 65, General Order No. 37, and In the Matter of California Lumber Corporation (S.D. Calif.) 24 Federal Rules Decisions 190."

On October 13, 1961, the debtor made another application to stay suits and set forth therein that a suit brought by the Phoenix Furniture Company, a creditor, was pending undetermined in the Los Angeles Municipal Court. The debtor recited that Phoenix Furniture Co. had caused a levy of attachment to be placed on the debtor's wages and that other creditors threatened attachments and suits as well.

The debtor added that unless creditors were enjoined from starting or continuing suits or levying attachments, his ability to comply with his proposed wage earner plan would be detrimentally affected.

The Referee filed a memorandum opinion and order denying the application for injunctive relief. The order granted the debtor leave to present an order to show cause against Phoenix Furniture Co. Further, the Referee permitted the debtor to amend his original petition or to file another setting forth facts showing the necessity for an injunction against any other specific person or persons, together with an appropriate order to show cause.

The Referee decided that *if* the bankruptcy court may issue an ex parte injunction, as a matter of discretion it would not do so unless the petition presented a prima facie showing of its necessity, and the persons sought to be enjoined have been informed of the facts upon which the application is based and are given an opportunity to be heard in opposition. The Referee cited in support of his position In the Matter of California Lumber Corporation, D.C., 24 F.R.D. 190 (1959).

The debtor applied for a reconsideration of the Referee's order denying injunctive relief and the Referee denied the same in a memorandum opinion and order dated January 4, 1962. It is that order denying application for reconsideration which is the basis of the instant review.

The Referee's reliance on In Re California Lumber Corporation, supra, is misplaced. The Court, in that case, regarded the essential question to be whether the Referee, in issuing his restraining order, was limited by the procedural requirement of F.R.Civ.P. Rule

65(b), 28 U.S.C.A., that every temporary restraining order issued without notice expires after 10 days. The authority for the application of Rule 65(b) in California Lumber is General Order 37, 11 U.S.C.A. following section 53, reading in pertinent part as follows: "In proceedings under the Act (Bankruptcy) the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be."

■ California Lumber was an ordinary bankruptcy proceeding and the instant case is a proceeding under Chapter XIII. The decisive distinction is that in ordinary bankruptcy proceedings Rule 65 is applicable because it is "not inconsistent with the Act", whereas in Chapter XIII proceedings, Congress has provided specific procedural requirements relating to injunctive relief in § 614 of the Act, and Rule 65 is inconsistent with § 614. It follows that Rule 65 has no application in Chapter XIII proceedings.

Section 614 provides:

"The court may, in addition to the relief provided by section 11 of this Act and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor."

Applying the maxim *expressio unius est exclusio alterius*, it is clear that Congress has stated that in the case of unsecured creditors, the Court may, without notice and without cause shown, enjoin or stay the commencement or continuation of suits, but in the case of secured creditors, injunctive relief shall be granted only upon notice and for cause shown.

The Referee, in the instant case, is right when he relies upon the use of the word "may" to illustrate that Congress intended that the Court should use its discretion in issuing restraining orders, and he aptly states that otherwise the word used would have been "shall", thus precluding discretion. However, he expressed the view that restraining orders should not be issued ex parte and required notice and cause shown, contrary to the requirements of the statute with respect to unsecured creditors.

It is the debtor's contention that since § 614 requires that cause be shown only where secured creditors are sought to be restrained, and no showing of cause is required to restrain unsecured creditors, "then a particular statement of fact showing the exact necessity for restraining a particular creditor would also appear unnecessary." If the debtor's ultimate thesis is correct, i. e. that it is sufficient to file a petition for relief under Chapter XIII with an ex parte stay order which the Court must automatically sign, then we approach what Learned Hand thought improper in In re Murel Holding Corp., 75 F.2d 941 (2d Cir. 1935). "But a stay should never be the automatic result of the petition itself * * *."

■ It would appear that both the Referee and the debtor go too far. An ex parte restraining order, without notice and without cause shown, is permissible under § 614, with respect to unsecured creditors, and it may issue against all unsecured creditors without specifying particular persons, but it is not granted automatically.

■■ There is a distinction between "cause shown" as used in the statute and a showing such as will satisfy a court in the use of its discretion, just as the "judicial finding of a fact" and the "judicial exercise of discretion" have entirely different meanings. An order to show cause contemplates the production of evidence either through the testimony of witnesses or by affidavits. The exercise of the court's discretion may be predicated upon knowledge of the problems presented in particular litigation,

or even upon representations of counsel viewed in the light of the records and files of the proceeding.

■■ A comparison of Rule 65 and § 614 clearly shows that Congress intended that in rehabilitative proceedings such as the one we are concerned with here, the discretion of the court should be exercised to make effective the purpose of the proceeding and that injunctive relief should be granted more liberally than would be the case in other proceedings. Surely Congress intended that, in the absence of unusual circumstances, the court in the exercise of its discretion should make an ex parte restraining order available to the debtor.

Because of an imperfect perception of the principles involved, the Referee thought that he was bound by the rigid requirements of Rule 65 and that it would be improper to issue a restraining order without notice and without cause shown. It was a ruling on a question of law and resulted in a failure to exercise discretion.

The case is remanded for further proceedings before the Referee not inconsistent with the views expressed here.