**In the Matter of Richard William WILLETT, Debtor.**

**No. 20869-R.**

United States District Court
S. D. California.
March 24, 1967.

T. T. Crittenden, El Cajon, Cal., for Leona Maye Willett.

Ralph E. Garner, San Diego, Cal., for trustee.

### MEMORANDUM AND ORDER AFFIRMING REFEREE

JAMES M. CARTER, Chief Judge.

On April 7, 1966 Richard William Willett filed a petition and schedules in a Chapter XIII Wage Earners proceeding under the Bankruptcy Act, and on April 27, 1966 the Court entered an order confirming the Plan of Arrangement.

Prior to the filing of the Chapter XIII petition, debtor Richard Willett, was ordered by the Superior Court in San Diego to make support payments and pay attorney's fees arising out of a divorce proceeding between debtor and his wife at that time, Leona Maye Willett. Debtor failed to make said payments and was adjudged in contempt.

On April 12, 1966 a judgment was entered in the divorce action in favor of petitioner T. T. Crittenden for attorney's fees.

On April 13, 1966 a writ of execution was issued to enforce that judgment and Crittenden attached all right, title and interest of Debtor in and to real prop-

erty owned by Debtor, namely a life estate in certain real property located in San Diego, California.

A sale of the Debtor's interest in the real property was set for May 19, 1966.

On May 18, 1966 Crittenden and Leona Maye Willett were restrained by the Referee in Bankruptcy from proceeding further in any manner whatsoever to collect alimony, attorney's fees or costs due prior to April 7, 1966 including the sale of debtor's interest in the real property.

On May 26, 1966 Crittenden caused a garnishment of Debtor's wages at which time and as a result of said garnishment the Debtor was informed by his employer that he would lose his job if garnishment proceedings continued.

The order of May 18, 1966 was modified on August 3, 1966 to include an injunction against garnishment of Debtor's wages and in other respects not material here.

On November 9, 1966 Crittenden filed a petition for review. The petitioner does not indicate what he wants reviewed, but judging from petitioner's letter of December 19, 1966 it appears that review of the Amended Order of August 3, 1966 is sought. Petitioner filed a Memorandum of Points and Authorities, which is presumably in support of the Petition for Review, and alleges the following errors:

(a) That the restraining order fails to recognize rights to support the debtor's wife.

(b) "That such orders are against the law, not due process, arbitrary, capricious, unjust, inequitable and wrongful interference with justice, each and all."

(c) That an obligation of a debtor to pay support is non-provable, non-allowable and not dischargeable under the Bankruptcy Act.

(d) That the Superior Court Order of November 1, 1965 adjudging debtor guilty of contempt has not been complied with by the Debtor.

## PRELIMINARY DISCUSSION

The obligation to support a wife and family is reflected in the Plan of Arrangement confirmed under Chapter XIII of the Bankruptcy Act and the payments to be made to the wife thereunder.

■ That the obligation of a debtor to pay support is not provable, not dischargeable and not allowable under "straight" bankruptcy is irrelevant in a Chapter XIII proceeding because of the provision of Section 657 of the Bankruptcy Act (11 U.S.C.A. § 1057):

> "Upon confirmation of a plan, the plan and its provisions shall be binding upon the debtor and upon all creditors of the debtor, whether or not they are affected by the plan or have accepted it or have filed their claims, and whether or not their claims have been scheduled or allowed or are allowable."

■■ The Referee properly concluded that pre-bankruptcy alimony and attorney's fees are a proper creditor's claim in a Chapter XIII proceeding, and in the absence of filing such claims, alimony and attorney's fees due prior to April 7, 1966 should not be paid by the Trustee. Section 606 (11 U.S.C.A. § 1006) states:

> "For the purposes of this chapter, unless inconsistent with the context—
>
> (1) "claims" shall include all claims of whatever character against the debtor or his property, whether or not provable as debts under section 103 (Section 63 of the Bankruptcy Act) of this title and whether secured or unsecured, liquidated or unliquidated, fixed or contingent, but shall not include claims secured by estates in real property or chattels real;"

■ That the Superior Court Order of Nov. 1, 1965 adjudging Debtor guilty of contempt has not been complied with by the Debtor is not a concern of this Court and does not affect the validity of the restraining order.

## THE QUESTION PRESENTED

The question seems to be whether the Referee has the power to enjoin the collection of alimony, attorney's fees or costs accrued prior to April 7, 1966, including the garnishment of wages and/or the sale of Debtor's interest in real prop-

erty. It should be noted at this point that no restraining order is entered regarding collection of support payments and attorney's fees accruing after April 7, 1966, the date the petition was filed.

Section 614 (11 U.S.C.A. § 1014) of the Bankruptcy Act states:

"The court may, in addition to the relief provided by section 29 of this title and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor."

Petitioner's contention appears to be that Section 614 prohibits the Referee from restraining enforcement of the lien of attachment obtained pursuant to the judgment in San Diego Superior Court.

Section 614 does not allow a stay or injunction of suits to enforce liens upon the property of the debtor *except* "upon notice and for cause shown." Upon notice and for cause shown, the injunction or stay of *any* proceedings to enforce *any* lien is proper.

It is in this light that the Amended Order of the Referee on August 3, 1966 must be examined.

### DISCUSSION

Since Section 614, upon notice and for cause shown, allows the injunction or stay of any act or the commencement or the continuation of any proceeding to enforce any lien upon the property of the debtor, the only substantial question is whether, because of the definition of "claims" in Section 606, which excludes debts secured by real property, the word "property" in Section 614 also includes *real* property.

Although claims secured by real property are not "claims" for the purpose of Chapter XIII and cannot be included in the debtor's plan, Section 606 (11 U.S. C.A. § 1006), it does not follow that the enforcement of such claims may not be enjoined pursuant to Chapter XIII proceedings. In re Garrett, 203 F.Supp. 459 (N.D.Ala.1962); In re Clevenger, 282 F.2d 756 (7 Cir. 1960). Nor does it follow, with respect to the injunction against enforcement of a lien on real property, that the realty to which the lien attaches is not "property" within the meaning of Section 614.

In *Garrett,* supra, the question was squarely presented whether the Court could enjoin foreclosure of a mortgage upon debtor's real property held by a dissenting creditor who, because his debt was secured by real property, could not be made a part of the plan under Chapter XIII. The Court held that foreclosure could be so enjoined. The Court observed that Section 611 (11 U.S.C.A. § 1011) provides:

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, where ever located, and of his earnings and wages during the period of consummation of the plan."

Because Section 611 does not contain a limitation of the kind of property over which the Court retains exclusive jurisdiction and because Section 614 provides for the injunction or stay, until final decree, upon notice and for cause shown, of "any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor" the Court concluded that the retention of jurisdiction over the property and the injunction against foreclosure proceedings were proper on the facts of the case. The Court also stated, "(I)t would seem clear that it would be improper to allow an asset of the estate to be dissipated by permitting a foreclosure during the pendency of a Chapter XIII proceeding, to the potential detriment of other creditors who may ultimately have an interest in that very asset if the case is converted to bankruptcy. The injunction against foreclosure of the lien of the (creditor) is, or course, limited to the period of

pendency of this case, and during the effective period of the injunction nothing should be allowed to impair the security of the (creditor)." 203 F.Supp. at 461. See also, In re Clevenger, supra, where the Court, under Section 614, enjoined foreclosure of liens secured by personal property.

It has also been held that the jurisdiction of a bankruptcy referee to issue an injunction to prevent foreclosure of a mortgage upon Debtor's realty is grounded independently and is not subject to the same restrictions as is the scope of the wage earner plan under Chapter XIII. Hallenbeck v. Penn Mutual Life Insurance Co., 323 F.2d 566 (4th Cir. 1963).

██ The above decisions provide ample authority for the proposition that the Referee has the power, under the Bankruptcy Act, in a Chapter XIII proceeding to enjoin the foreclosure or other enforcement of a lien on property of the Debtor.

However, the power to enjoin under Section 614 is not absolute, but subject to the sound discretion of the Referee. The exercise of the power to enjoin may be reviewed to determine whether there has been an abuse of discretion. Hallenbeck v. Penn Mutual Life Insurance Co., supra.

██ The Court in *Hallenbeck* suggested that at least three conditions should be met before the injunctive power may be exercised. Only two of the conditions are here relevant. They are, that the injunction or stay must be necessary to preserve the Debtor's estate or to carry out the Chapter XIII plan, and the granting of the injunction must not directly or indirectly impair the security of the lien.

Here, there can be no contention that the security of the lien is impaired by the injunction because the interest in realty will remain unaffected by the plan and the creditor can maintain his position of priority. Only the enforcement of the lien is prevented.

The Referee did not expressly find that the injunction is necessary to preserve the Debtor's estate, but such a finding can be implied from the other findings of the Referee. The Referee expressly found that there is no other plain, speedy or adequate remedy by which the Debtor may preserve his real property while consummating the Plan of Arrangement, and that there is no other plain, speedy or adequate remedy by which the Debtor may prevent the loss of his job which would in turn result in the loss of his ability to pay off his creditors in accordance with the terms of the Plan of Arrangement. The findings were arrived at after a full and fair hearing.

██ The exercise of the Court's discretion may be predicated upon knowledge of the problems presented in particular litigation or even upon representations of counsel viewed in the light of the records and files of the proceeding. In re Arzaga, 204 F.Supp. 617 (S.D. Calif.1962).

In rehabilitative proceedings such as wage earner plans under Chapter XIII of the Bankruptcy Act, the discretion of the court should be exercised to make effective the purpose of the proceeding and injunctive relief should be granted more liberally than would be the case in other proceedings. In Re Arzaga, supra.

██ The Referee could reasonably find that an injunction prohibiting the enforcement by sale or otherwise of Debtor's real property and an injunction prohibiting garnishment of Debtor's wages was necessary both to preserve the Debtor's estate and to carry out the Chapter XIII Plan. Consequently, the Referee did not abuse her discretion.

Since the injunction was issued "upon notice and for cause shown" it was therefore proper.

██ Petitioner makes an additional argument based on Section 637 of the Bankruptcy Act (11 U.S.C.A. § 1037) which allows a debtor the same exemptions under Chapter XIII provided for a bankrupt under the Act. Section 6 (11 U.S.C.A. § 24) incorporates certain exemptions under State law, one of which would be Cal.Civ.Code Proc. 690.11 ex-

empting a judgment debtor's earnings from execution or attachment under certain conditions. Since this exemption does not apply to alimony or the means to enforce alimony, Henry v. Henry, 182 Cal.App.2d 707, 6 Cal.Rptr. 418 (1960), petitioner Willett argues that she should not be prevented from proceeding against the debtor's property to satisfy the alimony obligation imposed by the state court despite the Chapter XIII proceedings.

 The answer to this argument is, of course, that the debtor is not seeking to exempt his wages from petitioner's claims for alimony. Quite the contrary, the debtor has, by filing the Chapter XIII petition, voluntarily requested the assistance of the court to enable him to pay all of his obligations, including the claims for alimony, in a controlled and orderly manner. Incidentally, since the filing of the petition that is exactly what has been done. As of March 1967 the Debtor is current on his alimony payments under the plan which began April 7, 1966. Therefore, this position is also without merit.

Accordingly,

It is ordered that the orders of the Referee are affirmed.