## In the Matter of BALOGH & COMPANY, Inc., Bankrupt,

### Drs. William T. Spence, William D. Dolan, Raymond Schwartz, Appellants

### No. 22755.

United States Court of Appeals, District of Columbia Circuit.

Argued April 24, 1970.

Decided Oct. 7, 1970.

Mr. Cornelius H. Doherty, Jr., Washington, D. C., for appellants.

Mr. Samuel M. Greenbaum, Washington, D. C., for appellee.

Before ROBINSON, MacKINNON and ROBB, Circuit Judges.

ROBB, Circuit Judge:

This is an appeal from an order of the district court sitting in bankruptcy.

On August 19, 1964, appellee, Balogh & Company, filed its voluntary bankruptcy petition in the district court. On that date the sum of $12,200 was on deposit in the First National Bank of Arlington, Virginia, in the name of "Balogh & Company, Inc., Escrow Account". On October 27, 1964, after various proceedings which we shall describe in a moment, the bankruptcy court, without objection from the appellant doctors,

---

assumed summary jurisdiction to determine who was entitled to the escrow fund. On May 7, 1968, the appellants, claiming that they were entitled to the fund, filed motions for leave to file petitions to reclaim it from the trustee in bankruptcy. The referee in bankruptcy denied the motions upon the ground that the reclamation petitions were not timely, under the provisions of the Bankruptcy Act and Rule 68(b) of the district court,[1] and that no good cause had been shown to justify a late filing. The appellants petitioned the district court for review of the referee's order. The district court affirmed the referee. The appellants petitioned the district court for a rehearing. In this petition, filed November 15, 1968, they asserted for the first time that because of Section 67(f) of the Bankruptcy Act, 11 U.S.C.A. § 107(a) (1), relating to liens obtained within four months of bankruptcy, the bankruptcy court had no jurisdiction over the escrow fund. They appeal from the order denying a rehearing.

In this court the appellants argue that the bankruptcy court had no jurisdiction over the escrow fund, and they insist that they are in a position to raise the point notwithstanding their earlier failure to object to the proceedings in bankruptcy. These are the only issues presented to us for decision; in no other respect do the appellants challenge the rulings of the bankruptcy court.

In 1959 Balogh & Company, Inc., a broker and underwriter, sold 6220 shares of Northern Virginia Doctors Hospital Corporation stock to the appellant Dr. Spence. Apparently Dr. Spence in purchasing the stock was acting both for himself and on behalf of the other appellant doctors. The price of the stock was $62,200. To finance the purchase the doctors gave cash and notes to the First National Bank of Arlington, Virginia, and in return received the bank's cashier's check for $62,200. When for reasons not material here the hospital refused to issue the stock, resulting in litigation between the doctors and the hospital, the $62,200 was placed in the bank in the name of "Balogh & Company, Inc., Escrow Account".

In October, 1963, Balogh & Company released $50,000 from the escrow account to the bank and the bank returned notes of equivalent value to the doctors, leaving a balance of $12,200 in the account. In December, 1963, Dr. Spence filed an action against Balogh & Company in the United States District Court for the District of Columbia, seeking recovery of the remaining $12,200. The company's answer included a counterclaim against Dr. Spence for $9,330 for the loss of its underwriting commission and a claim for damages.

1. "RULE 68

*"Reclamations*

*"(b) Filing—Bar Order.* No petition for reclamation shall be filed or accepted for filing later than 10 days after the first date set for the first meeting of creditors without prior order of the Court granting leave to file such petition. Such an order shall be sought by the filing of a verified application to which is appended the petition sought to be filed and a copy thereof shall be served forthwith on the trustee. The said application requesting leave to file shall state the reason for failure to file timely, the present status of the property sought to be reclaimed, the date and manner of giving of any prior notice of such claim to the Court or any of its officers, and, in addition, said

application shall set forth the manner by which the Court can order the reclamation if the petitioner be entitled thereto without prejudice to the estate. The Court may grant or deny the application to file, without hearing, upon consideration of the application requesting leave to file and the attached proposed petition for reclamation. If the Court deny the application for leave to file the petition for reclamation, the same shall act as a bar order as in the case of a petition for reclamation dismissed prior to hearing. No such bar order shall prohibit the aggrieved party from filing a proof of claim provided the same claim is provable and in conformity with the Bankruptcy Act, General Orders and Forms and these rules."

In March, 1964, Balogh & Company issued to the bank a check for $9,338, drawn on the escrow account, in payment of a $9,000 note owed by the company. At this point, on March 30, 1964, Dr. Spence filed a notice of motion for judgment in Attachment Action No. 96–86 in the Circuit Court for Arlington County, Virginia. Named as defendants were the company, its president, Balogh, and the bank. The fund of $12,200 in the escrow account was attached in this action, and as a result the $9,338 check was not paid. The record does not disclose the date when the attachment was levied, creating a lien upon the fund (Va.Code Ann. § 8–545 (1950)); but it is not disputed that the levy occurred more than four months before the filing of the bankruptcy petition on August 19, 1964.

On September 17, 1964, after the filing of the bankruptcy petition, the bankruptcy court ordered Dr. Spence to show cause why he should not be enjoined from pursuing his claims in the District of Columbia civil action and in the Virginia attachment action, and why the claims should not be asserted and adjudicated in the bankruptcy proceeding. At the same time the bank was ordered to show cause why it should not be enjoined from setting off or attempting to set off any claim it asserted against the escrow fund, and why any such claim should not be asserted and adjudicated in the bankruptcy court. Both Dr. Spence and the bank were ordered to show cause why the escrow fund should not be turned over to the trustee in bankruptcy for deposit as an asset of the bankrupt estate. The order to show cause also named Mr. Balogh as a respondent.

Mr. Balogh filed no response to the order to show cause. Dr. Spence and the bank answered in writing. In his answer Dr. Spence asserted that the escrow fund was "not an asset of the bankrupt by reason of its exemptions under Title 11, Section 96(e) (4) U.S. C.A.", prayed that the rule to show cause be dismissed and that the bankruptcy court direct the bank to pay over the entire fund to him. The bank's answer denied that the funds in the escrow account were the property of the bankrupt, and pleaded alternatively that if the fund was the property of Balogh & Company, then the bank was entitled to a setoff against the fund in the amount of $9,000, with interest, to pay the Balogh note.

At a hearing on the rule to show cause, at which all three respondents were represented, counsel for Dr. Spence stated, in response to questions from the referee, that he had no objection to the exercise of summary jurisdiction by the bankruptcy court; that in his opinion the only issue presented was whether the escrow fund was subject to the provisions of 11 U.S.C.A. § 96(e) (4). Counsel for the bank likewise made no objection on jurisdictional grounds, and stated that the bank was willing to abide the decision of the court with respect to the disposition of the fund. Counsel for Mr. Balogh stated only that he supported the contention of the bank that it was entitled to a setoff.

On October 27, 1964, following the hearing, the referee entered an order decreeing that as "no timely objection has been made or filed by any respondent", the bankruptcy court assumed summary jurisdiction over all of the issues raised in the District of Columbia and the Virginia actions and all claims to the $12,200 bank deposit. Upon the assurance of all counsel that no further action in the cases would be taken without leave of the bankruptcy court, no injunction was issued. The referee took under advisement the trustee's prayer requesting that the deposit be turned over to him, and directed that counsel for the parties prepare and submit a stipulation of material facts upon which the court might adjudicate the rights of the parties to the escrow fund.

The referee's order of October 27, 1964, assuming jurisdiction over claims to the fund, was not challenged by petition for review or appeal. On the contrary, the parties filed an agreed statement of facts, as directed by the order,

and thereafter the referee held hearings at which he took testimony on the issues raised by the claims. Memoranda on the issues were filed by the trustee, Dr. Spence and the bank.

Counsel for Dr. Spence contended in his memorandum to the referee that the doctor was entitled to the entire fund of $12,200 upon the ground that the fund was identified or allocated cash, within the meaning of Section 60(e) of the Bankruptcy Act, 11 U.S.C.A. § 96(e) (4). The bank on its part contended that the funds in the escrow account were not assets of the bankrupt estate but were the funds of Dr. Spence; and alternatively, that if they were the funds of the estate, the bank had a right of setoff.

In an order dated February 20, 1968, the referee made findings of fact and rejected the contentions of Dr. Spence and the bank as unsupported by the facts and the law. The claim of Dr. Spence to the entire fund, and the claim of the bank to a right of setoff, were both denied. Finally, the referee denied the claim of the trustee in bankruptcy to the outright ownership of the $12,200; and he directed that the fund be turned over to the trustee subject to "appropriate" proceedings in the bankruptcy court on behalf of any claimant to an interest in the fund. Pursuant to this order the fund was turned over to the trustee.

On May 7, 1968, the appellant doctors, Spence, Schwartz and Dolan, filed motions for leave to file petitions to reclaim the escrow fund from the trustee. Each of the doctors claimed that he was entitled to $4,000 from the fund. The referee denied the motions on the ground that they were untimely under Local Rule 68(b) [2] and that the time provided

by the Bankruptcy Act for filing proofs of claim had expired. (11 U.S.C.A. § 93(n)).

The appellants petitioned the district court to review the referee's order denying them leave to file reclamation petitions. The district court affirmed the referee. The appellants then filed a motion for rehearing and for the first time in the litigation invoked the provisions of Section 67(f) of the Bankruptcy Act, 11 U.S.C.A. § 107(a) (1).[3] According to the appellants this statute deprived the bankruptcy court of jurisdiction to adjudicate the claims pending in the attachment proceeding in the Virginia court. This appeal is from the order of the district court denying the motion for rehearing. The appellants repeat here their argument that the bankruptcy court lacked jurisdiction.

The lien acquired by Dr. Spence under his Virginia attachment was not invalidated by Section 67(f) of the Bankruptcy Act, 11 U.S.C.A. § 107(a) (1). Had Dr. Spence or one of the other parties in the bankruptcy court objected to that court's exercise of summary jurisdiction over the escrow fund, upon the ground that the lien was valid and that the bankruptcy court should not interfere with the pending suit in the state court, the objection would have been good. Then the bankruptcy court could not have enjoined the Virginia action, but the trustee in bankruptcy might have intervened in the suit to protect the interests of the estate. Straton v. New, 283 U.S. 318, 327, 51 S.Ct. 465, 75 L.Ed. 1060 (1931).

The parties, however, did not object to the bankruptcy court's exercise of jurisdiction but consented to it, both

---

2. See footnote 1 above.

3. § 107. *Liens and fraudulent transfers*
   "(a) (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the

time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title: *Provided, however,* That if such person is not finally adjudged a bankrupt in any proceeding under this title and if no arrangement or plan is proposed and confirmed, such lien shall be deemed reinstated with the same effect as if it had not been nullified and voided."

affirmatively and by their acquiescence in the bankruptcy proceedings. Thus, at the hearing to show cause why the bankruptcy court should not adjudicate the rights of the parties to the escrow fund, counsel for the parties stated that they had no objection to the assumption of jurisdiction by the bankruptcy court. Again, the referee's order assuming jurisdiction was not contested by petition for review or appeal, and became final. Thereafter the parties filed an agreed statement of the facts material to the controverted issues and they participated in hearings at which testimony was taken on those issues. Finally, in these proceedings Dr. Spence and the other appellants asserted claims to the escrow fund. Only after their claims were rejected did they contest the bankruptcy court's jurisdiction—more than four years after it had been asserted with their consent and acquiescence. We think that Section 2(a) (7) of the Bankruptcy Act, 11 U.S.C.A. § 11(a) (7), is applicable to this situation. So far as pertinent the section provides:

" * * * where in a controversy arising in a proceeding under this title an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction; * * * "

The consent of the parties did not create jurisdiction in the bankruptcy court where none had existed before; it merely waived the procedural right of the parties to have their claims to the escrow fund adjudicated in the Virginia court. The parties were at liberty to waive this right. Harris v. Avery Brundage Co., 305 U.S. 160, 164, 59 S.Ct. 131, 83 L.Ed. 100, rehear. den., 305 U.S. 674, 59 S.Ct. 247, 83 L.Ed. 437, aff'g. In re Tax Service Association v. Avery Brundage Co., 95 F.2d 373 (7th Cir. 1938); MacDonald v. Plymouth County Trust Co., 286 U.S. 263, 267, 52 S.Ct. 505, 76 L.Ed. 1093 (1932). The waiver was effective to permit the exercise of summary jurisdiction by the court even though the escrow fund had been attached in the state action. See Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 433, 434, 44 S.Ct. 396, 68 L.Ed. 770 (1924); [4] Carney v. Sanders, 381 F.2d 300, 302 n. 3 (5th Cir. 1967); O'Dell v. United States, 326 F.2d 451, 455, 456 (10th Cir. 1964); cf. Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433 (1934); 5 Remington on Bankruptcy (5th ed. 1953) § 2200.

The appellants rely upon In re Consolidated Container Carriers, Inc., 385 F.2d 362 (3rd Cir. 1967). In that case the court sustained an objection to the summary jurisdiction of the bankruptcy court over a fund that had been attached in a state action. The court pointed out, however, that at least one and possibly both of the objecting parties had "steadfastly refused to consent to the bankruptcy court's summary jurisdiction".

---

4. In this case the Supreme Court considered "provisions of the Bankruptcy Act cognate to subdivision f of § 67". Speaking through Mr. Justice Brandeis the Court said (264 U.S. at 433, 434, 44 S.Ct. at 399):

"Wherever the bankruptcy court had possession, it could, under the Act of 1898, as originally enacted, and can now, determine in a summary proceeding controversies involving substantial adverse claims of title under subdivision e of § 67, under subdivision b of § 60 and under subdivision e of § 70. But in no case where it lacked possession, could the bankruptcy court, under the law as originally enacted, nor can it now (*without consent*) adjudicate in a summary proceeding the validity of a substantial adverse claim. In the absence of possession, there was under the Bankruptcy Act of 1898, as originally passed, no jurisdiction, *without consent*, to adjudicate the controversy even by a plenary suit. * * * " (Emphasis supplied.)

385 F.2d at 365. The case is therefore distinguishable from the one before us, in which there was consent.

■ The appellants rely on the statement of the court in the *Consolidated Container Carriers* case (385 F.2d at 365) that an attachment "acts to dispossess the defendant by placing the property in *custodia legis*. If such dispossession should occur more than four months prior to bankruptcy, summary jurisdiction in the bankruptcy court would be precluded." This of course is the established rule; but in their reliance upon it the appellants overlook the supremacy of bankruptcy jurisdiction. Once the bankruptcy court obtains jurisdiction, it holds the property in *custodia legis*. Straton v. New, 283 U.S. 318, 321, 51 S.Ct. 465 (1931). The only question before us is whether the bankruptcy court properly assumed jurisdiction. As the *Taubel-Scott-Kitzmiller* case and the other cases we have cited demonstrate, the bankruptcy court did properly assume jurisdiction by virtue of appellants' consent; and its jurisdiction carried with it custody of the escrow fund, superior to any custody under the Virginia attachment.

Here all of the parties claiming an interest in the escrow fund were before the bankruptcy court and all of them consented to the bankruptcy court's exercise of jurisdiction. In particular, Dr. Spence, for whose benefit the attachment was levied in the Virginia action, waived his right to pursue that remedy and agreed that the bankruptcy court might adjudicate his claim to the escrow fund. We see no reason to hold that his waiver and the waivers of the other parties were ineffective. Having thus submitted the controversy to the bankruptcy court for decision, they are not in a position to avoid an unfavorable result by their belated objection to the court's jurisdiction.

The judgment is affirmed.