**In re Ovideo Hap GAMBOGI d/b/a Hap's Bakery, Debtor.**

**Ovideo Hap GAMBOGI d/b/a Hap's Bakery, Plaintiff,**

v.

**Francis A. CAPODALUPO, Defendant.**

**Bankruptcy No. 8200282.**
**Adv. No. 820177.**

United States Bankruptcy Court,
D. Rhode Island.

June 4, 1982.

Thomas W. Pearlman, Pearlman & Vogel, Providence, R. I., for debtor.

Joseph A. Lamagna, Lamagna & Neary, Pawtucket, R. I., for defendant.

## ORDER ENFORCING THE AUTOMATIC STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The question before the Court is whether the automatic stay, 11 U.S.C. § 362, gives this Chapter 13 Debtor at least temporary relief from eviction proceedings commenced by his landlord prior to the filing of the petition.

On April 5, 1982 the Debtor filed a Chapter 13 petition, and shortly thereafter filed a complaint seeking (1) a declaratory judgment that the eviction proceedings were premature or incomplete, and (2) that the Defendant be held in contempt for "interfering with the automatic stay ... and/or attempting to circumvent the same." Hearings were held on April 7 and 12.

The facts are as follows: The Debtor operates a retail and wholesale bakery business at the subject commercial property, which is located in Cumberland, Rhode Island. Due to the Debtor's failure to make timely rent payments the Defendant commenced an eviction suit,[1] and on December

---

1. Constable Roy Costa testified that he delivered the summons at the Debtor's home address, to a woman who identified herself as Mrs. Gambogi.

9, 1981, a default judgment for possession was entered against the Debtor, who was also ordered to pay $2,625 in back rent. On April 2, 1982, a constable served the Debtor with a copy of the execution and demanded possession of the premises and the back rent. The Debtor refused said demands.

Thereafter, on April 5, 1982 at 7:20 a. m., the Defendant attempted to physically evict the Debtor. Constable Costa advised the Debtor of his intentions, took an inventory of the secured property and began changing the locks. The eviction process terminated, however, when Costa was notified of the filing of the Debtor's Chapter 13 petition at 7:55 a. m.

The Defendant contends that under Rhode Island law, because (prior to the petition) the landlord had completed several unequivocal acts to terminate the landlord-tenant relationship, the Debtor has no property interest which is protected by § 362.

The Debtor argues that he has a property interest which is protected by § 362, for the following reasons: (1) the state court default judgment in the trespass and ejectment action is invalid, (2) money paid by the Debtor to the Defendant after the judgment in the trespass and ejectment action constituted a novation of the lease, (3) the Defendant did not complete the eviction prior to the filing of the Chapter 13 petition, and (4) the Defendant should be estopped from asserting that an eviction had occurred at 7:20 a. m., because the Debtor relied on the constable's representation that eviction proceedings would start at 8 a. m., and therefore did not file his petition until 7:55 a. m.

Based on § 362 of the Bankruptcy Code and the applicable federal case law, the Court concludes that the filing of the Debtor's Chapter 13 petition precludes, at least temporarily, the Defendant's taking the premises from the actual possession of the Debtor.

■ The Defendant's argument with respect to the application of state law is generally correct, but as with all such generali-ties, would be true only in certain contexts. Here, we have the collision of such a proposition with the supremacy clause of the United States Constitution, which establishes that where Congress has specifically legislated in a given area, that federal law supersedes state law. U.S.Const. art. 6, cl. 2. Since its enactment in November, 1978, the automatic stay provision of the Bankruptcy Reform Act has been widely and often construed by the federal courts. Consequently, since there is a federal statute with a substantial body of federal case law already established with respect to the issue before the Court, that federal authority is controlling in this case. *See In re Spanish Trails Lanes, Inc.,* 16 B.R. 304, 306 (Bkrtcy. D.Ariz.1981); *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 317, 7 BCD 1361 (Bkrtcy.D.Utah 1981); *In re Gunder,* 8 B.R. 390, 392 (Bkrtcy.S.D.Ohio 1980); *see generally In re Barlick,* No. 71–310 (Bkrtcy.D.R.I. Dec. 31, 1974).

■ The automatic stay provision of the Bankruptcy Code provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

. . . .

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

11 U.S.C. § 362(a). The legislative history of this section indicates that its purpose is to allow the debtor time to attempt a repayment plan by temporarily staying all creditor action. *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ At the hearing, the parties produced considerable evidence as to the precise time the Defendant entered the premis-

**590**

es, whether locks were changed, who secured the door upon leaving, and other such details. This decision, however, should not and need not be based upon the events that occurred during the minutes between the Defendant's attempted eviction proceedings and the Debtor's filing. The undisputed evidence is that the Debtor had been continuously operating his business and was still physically in possession of the premises right up to the time of the Chapter 13 filing. Under § 362(a), the Debtor's mere physical possession of the property is sufficient to protect that interest from actions by creditors. The bankruptcy court in the case of *U. S. v. Smith (In re Smith)*, 2 B.R. 417, 5 BCD 1113 (Bkrtcy.W.D.Mo.1979) stated:

> In respect to private ... claimants and creditors, the vesting, prior to the date of the filing of a wage earner petition, of legal title in them has not been held to preclude the automatic stay's application to prevent the taking of the real property from the debtor's actual possession and use.

2 B.R. at 419. In a similar case, the United States Bankruptcy Court for the Eastern District of Pennsylvania held:

> Even assuming that the lease had terminated prior to the date of filing, we conclude that the debtor still retained an interest in the premises. Firstly, the debtor was still in possession of those premises on the date of filing and, therefore, had at least a possessory interest therein.

*Fields v. Lewis (In re Lewis)*, 15 B.R. 643, 644–45 (Bkrtcy.E.D.Pa.1981). *See also In re Adana Mortgage Bankers, Inc.*, 12 B.R. 989, 7 BCD 1085 (Bkrtcy.N.D.Ga.1980).

 Furthermore, the definition of "property of the estate" contained in 11 U.S.C. § 541 is broad enough to include this Debtor's possessory interest in the bakery premises. *See Lewis*, 15 B.R. at 645; *Pickus v. Vitagliano (In re Pickus)*, 8 B.R. 114 (Bkrtcy.D.Conn.1980).

Since the conclusion above is determinative of the question presently before the Court, the remaining issues of novation, estoppel, and the validity of the state default judgment need not be decided.

 Finally, based on the entire record, I find that the Defendant did not act in bad faith. His pre-petition efforts to obtain possession of the property were not improperly motivated, and all action to evict the Debtor was terminated immediately upon the Defendant's receiving notice of the filing. Indeed, although the Defendant's actions in this matter have been conducted vigorously, he has at all times observed the requisites imposed by the Code and the orders of this Court, with deference. Therefore, there is no basis upon which to grant the Debtor's request to hold the Defendant in contempt.

The Plaintiff's request for attorney fees, loss of business profits and other damages is denied.

This decision is without prejudice to the Defendant's right to seek a modification of the stay should the Debtor fail to pay rent and/or to comply with the reporting and supervisory requirements established in the Court's April 16, 1982 order.