In the Matter of John J.
SPENCER, Debtor.

Jean McCASLIN, Clay County
Collector, Claimant,

v.

John J. SPENCER, Respondent.

Bankruptcy No. 82–03343–W–13.

United States Bankruptcy Court,
W.D. Missouri, W.D.

Aug. 29, 1983.

Patricia L. Hughes, Asst. Clay County Counselor, Liberty, Mo., for claimant.

Robert R. McQuain, Boland & McQuain, Kansas City, Mo., for respondent.

## ORDER DENYING CLAIMANT'S CLAIM FOR POSTPETITION INTEREST AND PENALTIES

DENNIS J. STEWART, Bankruptcy Judge.

The matter which is now before the court for resolution is whether the claimant tax authority is entitled to have interest and penalties continue to accrue during the pendency of a chapter 13 case in which the debtors propose to pay the taxes upon which the interest and penalties are intended to accrue. It is the contention of the claimant tax authority that its tax lien is secured by reason of a postbankruptcy seizure of the property and that therefore it must be granted postbankruptcy interest and penalties like any other secured claim. See *In re Busman*, 5 B.R. 332, 338 (Bkrtcy. E.D.N.Y.1980), to the effect that "a tax lien has status equal to that of consensual or

specific liens and where proceeds of the security subject to a tax lien is more than sufficient to pay principal and accrued interest, post-petition interest is deemed an integral part of the claim and is allowable." See also *City of New York v. Saper*, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 210 (1949). If, on the other hand, the tax claim is an unsecured claim, the taxing authority is not entitled to postpetition interest and penalties. *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966).[1]

■ In this matter, however, there is no statement or showing has been made as to the value of the property on which the tax authority has issued its levy pursuant to § 137.085 RSMo. Accordingly, at least to date, there is no showing that any possible "allowed secured claim is secured by property the value of which ... is greater than the amount of such claim" within the meaning of § 506(b) of the Bankruptcy Code which permits postbankruptcy interest "to the extent" that such excess of value over the amount of the claim exists. It is this excess of value which, both under the *Busman* decision, *supra,* and § 506(b), *supra,* upon which postpetition interest and penalties must be predicated. When it is not demonstrated to exist, postpetition interest and penalties cannot be awarded.

■ Nor can the tax authority now be permitted to sell the property on which it claims the tax lien. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *United States v. Smith,* 2 B.R. 417 (Bkrtcy.W.D.Mo. 1979).[2]

Accordingly, it is hereby

ORDERED that the claimant's claim for postpetition interest and penalties be, and it is hereby, denied.

---

1. "It is a well-settled principle of American bankruptcy law that in cases of ordinary bankruptcy, the accumulation of interest on claims against a bankrupt estate is suspended as of the date the petition in bankruptcy is filed." 384 U.S. at 682, 86 S.Ct. at 1678.

---

2. As noted in *Whiting Pools,* the tax authority should now pursue its claim in the bankruptcy court.